IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JM, a minor child,                          Civ. No. 09-707-AA

       Petitioner,                      OPINION AND ORDER

   v.

MAUREEN DUNN, DUCS Director,
Office of Refugee Resettlement
(ORR), et al.,

       Respondents.

---

AIKEN, Chief Judge:

    Respondents move to dismiss this action on grounds that the reopening of petitioner's removal proceedings render his claims moot and divest this court of jurisdiction. The motion is granted.

## BACKGROUND

    On May 12, 2009, an immigration judge issued an order of removal against petitioner that became final on June 11, 2009. Despite petitioner's statements to the contrary, he was deemed an adult and housed with the general detention population at a Texas facility. After his removal hearing, plaintiff submitted documentary proof that he was seventeen and a minor for immigration

1   - OPINION AND ORDER

purposes.    Petitioner was referred to the Office of Refugee Resettlement (ORR) and placed at the Northern Oregon Correctional Facility for Juveniles, a "secure placement" facility and the most restrictive type of facility utilized by ORR.    Petitioner's order of removal apparently was not reviewed, and petitioner was given no further administrative process.

On June 19, 2009, petitioner filed a petition for writ of habeas corpus and sought temporary injunctive relief in this court, alleging that his civil detention at the ORR facility was unlawful and in violation of the Constitution and laws of the United States. Given respondents' failure to recognize petitioner's minor status during his removal proceedings, the court granted petitioner's motion for temporary injunctive relief and enjoined respondents from removing petitioner.    Thereafter, respondents transferred petitioner to a less restrictive place of confinement in Tacoma, Washington, and the court appointed counsel to assist petitioner.

With the assistance of counsel, petitioner moved to reopen his removal proceedings and applied for asylum and special juvenile immigrant status.    Counsel for the Immigration and Customs Enforcement Office ultimately did not oppose the motion to reopen, and on October 6, 2009, petitioner's removal proceedings were reopened.

<u>DISCUSSION</u>

Respondents assert that the reopening of petitioner's removal

proceedings vacates the final order of removal against him and allows petitioner the right to seek the forms of relief identified in his petition. Thus, respondents claim that the reopening of the proceedings and petitioner's less restrictive placement render moot his claims challenging the constitutionality of the final removal order. I agree.

As recognized by plaintiff, this court has very limited jurisdiction over immigration matters. Petitioner previously acknowledged that he could not seek judicial review of the final order of removal in this court and instead sought to "remedy the situation preventing Petitioner from challenging the order" through a less restrictive placement and the appointment of counsel. Pet.'s Suppl. Memo. in Support of Motion, p. 6. Though the court ordered such injunctive relief and stayed these proceedings to allow petitioner the opportunity to challenge the final order of removal - through a motion to reopen or if unsuccessful, the "restarting of the thirty-day period for the filing of a petition for review" with the Court of Appeals - petitioner has been afforded such opportunity. Singh v. Gonzalez, 499 F.3d 969, 979 (9th Cir. 2007). Thus, petitioner has been granted the remedy sought, and the reopening of his removal proceedings renders moot his First through Sixth Claims for Relief challenging the lawfulness and constitutionality of the prior removal proceedings. Likewise, petitioner's current placement, combined with the

reopening of proceedings, renders moot his Seventh Claim for Relief seeking transfer to less restrictive facility.

Petitioner nonetheless argues that a live controversy and his need for appointed counsel during the removal proceedings remains, given his minor status and the complexity of removal proceedings. Petitioner also argues that respondents could move him to more restrictive facility or one that impedes his access to counsel. While I recognize and appreciate the arguments presented, petitioner ultimately fails to identify a source of authority that allows this court to exercise jurisdiction during the pendency of petitioner's reopened removal proceedings for the purposes of appointing counsel and monitoring his placement.[1]    Although petitioner emphasizes that the court is not subject to the statutory jurisdictional limitations applicable to judicial review of final removal orders, the narrow exception allowing district court review - as identified by the Ninth Circuit - does not apply here.  Singh, 499 F.3d at 979-80 (9th Cir. 2007).

Furthermore, I agree with respondents that petitioner's alleged injury arising from the lack of appointed counsel in future removal proceedings is not ripe until petitioner is denied counsel during the removal proceedings and suffers an injury in fact

---

[1]That said, based on respondents' recent willingness to continue petitioner's current placement, the court is confident respondents recognize that continuance of his current placement serves the interests of all parties.

4    - OPINION AND ORDER

arising from the denial of counsel.   Even then, this court has no authority to review or remedy an alleged constitutional deprivation; petitioner must challenge constitutional violations through a petition for review of a <u>final</u> removal order filed in the appropriate Court of Appeals.  8 U.S.C. § 1252(a)(1),(5); <u>see also</u> <u>id.</u> § 1252(b)(9) ("Judicial review of all questions of law and fact, *including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien* . . . shall be available only in judicial review of a final order under this section.  Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus . . . or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.") (emphasis added).

Accordingly, dismissal is appropriate because petitioner has been afforded the relief sought, and this court has no jurisdiction with respect to future removal proceedings.

<u>CONCLUSION</u>

Respondents' Motion to Dismiss (doc. 36) is GRANTED.

IT IS SO ORDERED.

Dated this _20_ day of February, 2010.

_____
Ann Aiken
Chief United States District Judge

5    - OPINION AND ORDER