FILED'10 NOV 04 13:44USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JM, a minor child,

        Petitioner,

    v.

KATHLEEN SEBELIUS, Secretary
of Health and Human Services,
et al.,

        Respondents.

Civ. No. 09-707-AA

OPINION AND ORDER

---

AIKEN, Chief Judge:

Petitioner moves for an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Respondents oppose the motion, on grounds that their position was substantially justified. Alternatively, respondents argue that petitioner cannot recover fees incurred in opposing respondents' motion to dismiss and seeking to reopen petitioner's immigration proceedings.

The EAJA provides for an award of attorneys' fees and expenses to a prevailing party "unless the court finds that the position of

1   - OPINION AND ORDER

the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To show substantial justification, respondents must show that their position has a "reasonable basis in law and fact." <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988).

Based on the facts set forth in the court's previous orders, I do not find that respondents' positions were substantially justified until petitioner's motion to reopen was not opposed. Therefore, petitioner is entitled to fees incurred up to that time, in addition to his fees incurred in seeking an EAJA award. Given the unique circumstances of this case and my order appointing counsel to assist petitioner in moving to reopen his immigration proceedings, I do not find that <u>Nadarajah v. Holder</u>, 569 F.3d 906 (9th Cir. 2009) bars an award of fees incurred in filing the motion to reopen. <u>Id.</u> at 920. Nonetheless, I reduce the fees sought by twelve hours attributed to "conversations," as petitioner provides no explanation or description of the conversations, and by four hours attributed preparing a reply in support of the EAJA motion. Further, I agree with respondents that petitioner is not entitled to fees incurred in opposing their motion to dismiss, as respondents' position was substantially justified for the reasons explained in my order granting the motion.

Accordingly, petitioner's Motion for Attorneys' Fees (doc. 49) is GRANTED in part, and petitioner is awarded attorney fees based

on 87.71 hours at $125.00 per hour, for a total of $10,963.75.

Petitioner's 54(b) Motion for Judgment (doc. 64) is DENIED as moot.

IT IS SO ORDERED.

Dated this _3_ day of November, 2010.


_Ann Aiken_

Ann Aiken
Chief United States District Judge

3    - OPINION AND ORDER